417 P.2d 975

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Glen Hess SELMAN, Defendant and Appellant.**

No. 10544.

Supreme Court of Utah.

Sept. 9, 1966.

L. G. Bingham, Ogden, for appellant.

Phil L. Hansen, Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

Defendant Glen Hess Selman was charged with negligent homicide, in violation of Section 41–6–43.10, U.C.A.1953. The jury found the defendant guilty and the court pronounced its sentence. Appellant seeks reversal of his conviction.

On June 9, 1965, Carol Ann Sylvester, a housewife, who resides in Thatcher, Box Elder County, Utah, was proceeding toward Tremonton on what was referred to in the record as the Rocket Road. Mrs. Sylvester was transporting her own and other children from her neighborhood to a session of summer school at Tremonton. At a place where Rocket Road and a dirt road intersect the collision occurred between the station wagon being operated by Mrs. Sylvester and the automobile being operated by the defendant. As a result of the collision Kenna Okada, age 10, passenger in the Sylvester automobile, was killed. The collision occurred at approximately 8 o'clock a. m. The weather was clear, dry and warm. Mrs. Sylvester had traveled Rocket Road on previous occasions and was proceeding easterly at about the speed limit of 60 miles per hour. Rocket Road was protected by stop signs at the intersection here in question. The area southwest of the intersection was occupied by a home, corral and trees which sub-stantially obstructed the view of drivers approaching the intersection from the west and the south. Appellant testified that he was driving his automobile in a northerly direction on the dirt road proceeding to Pocatello Valley to go to work. He had traveled the road on prior occasions and was familiar with the stop sign and the restricted view of the intersection where the accident occurred. He testified that he stopped before entering the intersection, that he entered the intersection, and was struck. Mrs. Sylvester testified that as she approached the intersection, a Pontiac automobile, operated by the appellant, ran the stop sign, and proceeded into her path. The two vehicles were so close together Mrs. Sylvester was unable to make application of her brakes prior to the collision. The Sylvester automobile went out of control and struck an irrigation ditch alongside of the roadway and as a result of the collision Kenna Okada was killed. Mrs. Sylvester testified that she estimated the speed of appellant's automobile as it entered Rocket Road at about 45 to 50 miles per hour. From physical evidence, including the skid marks of the vehicles involved in the collision, Trooper Scott Lee of the Highway Patrol calculated the speed of appellant's vehicle immediately prior to the collision in excess of 40 miles per hour.

It is the sole contention of the appellant that the case should be reversed and the

defendant discharged because the evidence was insufficient to support the finding of the jury. This court would be justified in reversing the jury's verdict only if it were to conclude from a consideration of all the evidence and the inferences to be drawn therefrom and viewed in a light most favorable to the jury's verdict, that reasonable minds could not have reached such a conclusion.

Negligent homicide as defined by the statute with which we are here concerned, only requires that the death of a person result as the proximate result of the driving of a vehicle in "reckless disregard for the safety of others," or show such heedlessness that the safety of others is disregarded. This court in the case of State v. Berchtold[1], in addressing itself to the standard of conduct stated:

"Our statute only requires reckless disregard for the safety of others, which is a much greater lack of care than ordinary negligence, but does not require as great a consciousness of the danger confronted as wilful misconduct required to create civil liability under our guest statute. To be 'reckless' does not require 'wilfulness' but means rather heedless, careless, and rash inadvertence to consequences."

We are of the opinion that appellant being familiar with the stop sign and those factors which restricted the vision of drivers approaching the intersection, and then proceeding into the intersection at such a rate of speed as would prevent either him or Mrs. Sylvester from taking any effective means to avoid a collision can only amount to conduct evincing a reckless disregard for the safety of others.

We are of the opinion that the verdict and judgment of the trial court should be, and the same is hereby, affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

---

1. 11 Utah 2d 208, 357 P.2d 183; see also State v. Park, 17 Utah 2d 90, 404 P.2d 677.